1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FULL CIRCLE SALES, INC., a Montana corporation, et al., | ) Case No.: 10-CV-01615-LHK |
| ) | |
| Plaintiffs, | ) ORDER EXTENDING TIME TO SERVE ) SUMMONS AND COMPLAINT |
| v. | ) |
| ) | |
| ORGANIC ALLIANCE, INC., a Nevada corporation, et al., | ) |
| ) | |
| Defendants. | ) |
| ) | |

Plaintiffs filed an ex parte application for an order extending time for an additional 120 days to serve the Summons and Complaint. Having reviewed Plaintiffs' papers and the relevant legal authorities, the Court GRANTS an extension of time to serve the Summons and Complaint on all defendants by an additional **30 days**.

## I. BACKGROUND

Plaintiffs filed the instant action on April 15, 2010. On the same day, this court issued summons as to Defendants Organic Alliance, Inc., Thomas Morrison, James Haworth, Parker Booth, Alicia Smith Kriese, Corey Ruth, and Michael Rosenthal. However, it appears that Plaintiffs never served the summons and complaint upon any of the Defendants. Plaintiffs attribute the delay in service to the addition of similarly situated plaintiffs, the filing of two amendments to

1

the complaint, settlement discussions, and the discovery that some of the individual Defendants reside outside the state.  Plaintiffs move ex parte to extend the time to serve Defendants by 120 days.

## II.  ANALYSIS

The time for serving the summons and complaint is set forth in Federal Rule of Civil Procedure 4(m).[1]  Generally, service upon defendants must be made within 120 days after the complaint is filed.  Fed. R. Civ. Pro. 4(m).  However, if the plaintiff shows good cause for failure to serve within the 120-day period, the court is required to extend time for service.  *Id.*  Under Rule 4, a court also has discretion to extend the time for service in the absence of good cause.  *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

At a minimum, "good cause" means excusable neglect.  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  In order to demonstrate good cause, a plaintiff may be required show three factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id.*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  While it appears that Defendant Organic Alliance, Inc., has engaged in settlement discussions and therefore may have actual notice of the lawsuit, Plaintiffs have not alleged actual notice as to any of the individual defendants or demonstrated the remaining good cause factors.  Additionally, although the court issued summons as to all Defendants on April 15, 2010, Plaintiffs have not alleged any attempted service.  The Court therefore concludes that Plaintiffs have not demonstrated good cause and an extension of time is not mandatory under Rule 4(m).

Absent good cause, district courts have broad, though not unlimited, discretion to extend time for service.  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m).  *In*

---

[1] Although Plaintiffs seek an extension of time to serve the Complaint, which is governed by Fed. R. Civ. Pro. 4(m), the Memorandum of Points and Authorities submitted appears to rely on California Code of Civil Procedure § 415.50. Plaintiffs correctly state that Fed. R. Civ. Pro. 4(e) permits service on individuals pursuant to the law of the state where the district court is located.  However, Rule 4(e) pertains to the *manner* of service, rather than the time for service, and Cal. CCP § 415.50 sets out the requirements for service by publication, which is of no relevance to Plaintiffs' motion.

Case No.: 10-CV-01615-LHK
ORDER EXTENDING TIME TO SERVE SUMMONS AND COMPLAINT

*re Sheehan*, 253 F.3d at 513.  "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).  Courts may also consider whether the plaintiff has substantially complied with the service requirements.  *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D.Cal. 1995).  Plaintiffs have not substantially complied with Rule 4(m), nor have they alleged that they face an impending statute of limitations bar. Nonetheless, it appears that at least one Defendant has actual notice of the case and that settlement discussions are ongoing.  Thus, at this time, the Court finds that a limited extension of the time for service will best serve the interests of "the just, speedy and efficient disposition," *id.*, of Plaintiffs' claims.  The Court will grant an extension of an additional 30 days to serve the Summons and Complaint.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to extend time for serving the summons and complaint is granted.  Plaintiffs are HEREBY ORDERED to properly serve all Defendants no later than September 20, 2010, and to file proof of service with the Court no later than September 27, 2010.

The Court shall not grant any further extensions, and if Plaintiffs fail to comply with the Court's deadline, this matter shall be dismissed.

**IT IS SO ORDERED.**

Dated: August 20, 2010

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-01615-LHK
ORDER EXTENDING TIME TO SERVE SUMMONS AND COMPLAINT